UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO FIGUEROA, | Case No. 18-cv-07796-RS |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO REMAND** |
| DELTA GALIL USA, INC., et al., | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Francisco Figueroa, on behalf of himself, and all others similarly situated, seeks to remand this wage-and-hour putative class action against Delta Galil USA, Inc. and Pennsylvania V.F. Corporation ("Defendants") back to state court. Defendants removed this case under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Figueroa challenges the timeliness of the removal. Specifically, he argues Defendants did not remove the action within the thirty days allowed under 28 U.S.C. § 1446(b) after service of the complaint. Alternatively, Figueroa contends Defendants had thirty days to remove the action from the time new facts emerged via the named Plaintiff's deposition. Defendants counter the complaint provided insufficient notice regarding removability, and that removal was timely because the notice of removal was filed within thirty days of delivery of the deposition *transcript*, even if the removal was not filed within thirty days of the deposition *hearing*. For the reasons explained below, Figueroa's motion is denied.

United States District Court
Northern District of California

## II. BACKGROUND

Figueroa initially filed this lawsuit in Alameda Superior Court against Defendants in June 2017. The complaint detailed wage-and-hour claims against Defendants for "regularly" shortening or eliminating break/lunch times, and unpaid time spent in mandatory security lines or booting up work computers. Defendants were served with the complaint the same day. Defendants deposed Figueroa on November 5, 2018. During the deposition, Figueroa presented new facts not in the original complaint that revealed the amount in controversy was above the $5,000,000 requisite amount for federal subject matter jurisdiction under CAFA. The new facts included the salaries of the workers in the class, the number of workers in the class, and the assertion that 100% of breaks and lunch periods were in fact unpaid work hours. The transcript of the deposition was delivered to Defendants on November 28, 2018. Defendants removed the case on December 28, 2018, thirty days after receipt of the deposition transcript, and fifty-three days after the deposition itself.

## III. LEGAL STANDARD

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). Accordingly, removal jurisdiction exists where a case filed in state court presents a federal question or involves complete diversity of citizenship, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. Additionally, CAFA provides grounds for removal. "Federal jurisdiction under CAFA has three elements: (1) there must be minimal diversity of citizenship between the parties, (2) the proposed class must have at least 100 members and (3) the amount in controversy must exceed the sum or value of $5,000,000." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139-40 (9th Cir. 2013) (internal quotation marks and alterations omitted); *see* 28 U.S.C. § 1332(d). Normally, courts strictly construe the removal statute against finding federal subject matter jurisdiction, and where doubt exists regarding the right to remove an action, it should be resolved in favor of remand to state court. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Matheson v. Progressive Specialty Ins.*

*Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). This presumption against removal, however, does not apply to CAFA's provisions, which are to be interpreted broadly in favor of removal. *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1183-84 (9th Cir. 2015). The defendant bears the burden of establishing the basis for removal. *Provincial Gov't of Marinduque*, 582 F.3d at 1087. In addition, the removing defendant must comply with the mandatory time limits of 28 U.S.C. § 1446(b). *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980). "[A] timely objection to a late petition [for removal] will defeat removal . . . ." *Id.*

## IV. DISCUSSION

The parties do not dispute CAFA's applicability, only whether removal was timely. Under section 1446(b), there are "two thirty-day windows during which a case may be removed—during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper from which it may first be ascertained that the case is one which is or has become removable if the case stated by the initial pleading is not removable." *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005) (internal quotation marks omitted); *see* § 1446(b). For a party to start the clock, they must affirmatively reveal facts that give notice to possible federal subject matter jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006); *Harris*, 425 F.3d at 695. To determine whether a party had notice that a case was removable, courts look at "the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris*, 425 F.3d at 694. Parties are not required to extrapolate or engage in guesswork, but must use a reasonable amount of intelligence in ascertaining whether a case is removable. *Kuxhausen*, 707 F.3d at 1140 (a party is not freed from the need to make mathematical calculations of numbers given in a pleading).

### A. First Amended Complaint

Defendants argue there was insufficient information in the First Amended Complaint ("FAC") to give notice that all of CAFA's elements were satisfied. Specifically, Defendants argue facts were not presented in the FAC to show the amount in controversy exceeded $5,000,000. Therefore, Defendants assert they did not have notice that federal courts had jurisdiction under

1   CAFA when the FAC was served. Defendants are correct.

2   Here, Figueroa did not affirmatively allege an amount in controversy over $5,000,000. Nowhere in the "four corners" of the FAC are there allegations regarding salary or a specified number of claimants. (FAC ¶ 13.) Likewise, Figueroa failed to provide an exact amount of meal periods missed. (FAC ¶ 34.) The only numbers alleged regarding unpaid wages were the amount of time employees spent on one trip through security, and the amount of time spent booting up their computers. These numbers, however, were not paired with any pay missed, the number of times a day an employee was forced to go through security, or any affirmative amount of time unpaid per week. Without these facts, Defendants would either have to make further inquiry or extrapolate beyond the FAC to determine the amount in controversy satisfied CAFA requirements. Defendants were not required to do either. *See Harris*, 425 F.3d at 694. Therefore, Defendants did not have sufficient notice that the case was removable through CAFA to begin the removal timer. Instead, the timer to remove the case through CAFA did not start until Figueroa was deposed as to the salaries and amount of unpaid time alleged.

### B. The Deposition

Figueroa next argues the window to remove the case under CAFA closed thirty days after his deposition on November 5, 2018. As noted above, Defendants received the transcript of the deposition on November 28, 2018,[1] and the notice of removal was filed thirty days after receipt of the transcript. Again, a notice of removal may be filed within thirty days of receipt by the defendant, through service or otherwise, "of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removeable." § 1446(b)(3). Answers to depositions constitute "other paper." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 886-87 (9th Cir. 2010). The issue here is whether the thirty-day window begins when the answers are spoken in the deposition *hearing*, or when a defendant receives the transcript of the deposition. Defendants argue since they removed the

---

[1] There is no indication Defendants purposefully delayed receipt of the deposition transcript.

action thirty days after receiving the transcript, the removal was timely.

Figueroa believes the Ninth Circuit's decision in *Carvalho* stands for the opposite. In *Carvalho*, however, the question was not *when* the thirty-day window opens, but *if* the window is opened by deposition testimony. *Id.* at 886. Unlike this case, the *Carvalho* defendants removed the case within thirty days of the actual deposition. *Id.* at 887. The court held,

> Like a response to interrogatories, a plaintiff's response to deposition questions can constitute "other paper" within the meaning of section 1446(b). In her deposition, when asked whether "$25,000 apiece" would be insufficient "to resolve the damages on behalf of the persons that are similarly situated," Carvalho answered, "That's correct." From this testimony, Equifax could reasonably determine for the first time that the amount in controversy was at least $25,000 per class member, or $12.5 million total. Because the notice of removal was filed within thirty days of Carvalho's deposition testimony, which was "other paper from which it may first be ascertained that the case is . . . removable," we conclude that the denial of Carvalho's motion to remand was proper.

*Id.* (citations omitted). The court made no distinction between the deposition hearing and receipt of the transcript. Further, *Carvalho* likened a plaintiff's deposition to responses to interrogatories, which require service of written answers. *Id.*; *see* Fed. R. Civ. P. 33; Cal. Code Civ. Proc. §§ 2030.010 *et seq*. In other words, the *Carvalho* court did not create a bright-line rule that the removal timer begins when words are uttered in a deposition hearing.

District courts in this Circuit have held that the receipt of the deposition transcript, not the deposition itself, begins the thirty-day removal timer. *Godoy v. Winco Holding Inc.*, No. 15-cv-01397-ODW-SP, 2015 WL 6394474, at *4 (C.D. Cal. Oct. 22, 2015) ("The deposition transcript is thus the first paper under which it could be ascertained that the case was removeable."); *Williams v. Agilent Techs.*, No. 04-1810-MMC, 2004 WL 2648197, at *4 (N.D. Cal. Aug. 5, 2004) ("[B]ecause defendant removed the instant action within 30 days of receiving the transcript of the [plaintiff's] deposition, the court finds the removal proper."). Moreover, the Fifth Circuit has also held a thirty-day window to remove a case begins upon "receipt of the deposition transcript." *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 612 (5th Cir. 2018). In *Morgan*, the defendant removed their case to federal court within thirty days of receipt of an official deposition transcript,

but thirty-eight days after the date of the deposition hearing. *Id.* at 605. While ruling the removal was timely, the court considered: (1) the plain meaning of "other paper" in section 1446(b)(3); (2) the risk of improper removal if a party is not given adequate time to study a transcript and forced to remove based on memory of oral answers; and (3) that starting the removal clock before a party obtains the deposition transcript to use as evidence of the deposition testimony is counterintuitive. *Id.* at 609-11.

The reasoning in *Morgan* is persuasive. Statutes must be construed first by looking at their "plain language." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316 (9th Cir. 1998). Section 1446(b)(3) requires "receipt by the defendant, through service or otherwise, of a copy of . . . other paper" to begin the second thirty-day window. Statutory terms not defined in the statute are accorded their "ordinary meaning." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 833 (9th Cir. 1996). "Paper" is defined as "[a]ny written or printed document or instrument." Black's Law Dictionary (10th ed. 2014). By the plain meaning of the statute, section 1446(b)(3) requires receipt of a written or printed document. Therefore, the thirty-day window must begin upon receipt of the written transcript of the deposition, and not when words are spoken in the deposition hearing.

A bright-line rule beginning the thirty-day removal window when the deposition transcript is received also makes practical sense. If the timer began when words were spoken in deposition, defendants may have to remove based only on their notes, with no chance to review the record properly. *See Morgan*, 879 F.3d at 610. This would create a higher probability of litigants filing erroneous removals in order to meet the deadline for removal. Deciding motions to remand such removals would then force courts to decide which attorney's notes are correct, with no actual proof of what was said. Requiring the deposition transcript to be delivered before the timer starts eliminates this possibility and encourages defendants to review official records and make informed decisions before rushing to federal court. Based on the plain language of section 1446(b)(3) and a desire to encourage meritorious removals, Defendants' removal was timely.

## V. CONCLUSION

For the foregoing reasons, plaintiffs' motion to remand this action is denied.

**IT IS SO ORDERED**.

Dated: April 1, 2019

_____
RICHARD SEEBORG
United States District Judge