SHAUN SETAREH (SBN 204514)
shaun@setarehlaw.com
THOMAS SEGAL (SBN 222791)
thomas@setarehlaw.com
Farrah Grant Esq. (SBN 293898)
farrah@setarehlaw.com
SETAREH LAW GROUP
9665 Wilshire Boulevard, Suite 430
Beverly Hills, California 90212
Telephone:   (310) 888-7771
Facsimile:    (310) 888-0109

Attorneys for Plaintiff
FRANCISCO FIGUEROA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO FIGUEROA, ON BEHALF OF HIMSELF, ALL OTHERS SIMILARLY SITUATED<br><br>Plaintiff,<br><br>v.<br><br>DELTA GALIL USA, INC., A DELAWARE CORPORATION; PENNSYLVANIA V.F. CORPORATION, A PENNSYLVANIA CORPORATION; AND DOES 1 THROUGH 50, INCLUSIVE<br><br>Defendants | Case No. 3:18-cv-07796-RS<br><br>**ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEY FEES, LITIGATION EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARD**<br><br>Date: May 23, 2024<br>Time: 1:30pm<br>Place: Courtroom 3 |

Plaintiff's Motion for Final Approval of Class Action Settlement (Dkt. 111) and Plaintiff's Motion for an Award of Attorney's Fees, Litigation Expenses and Class Representative Service Award (Dkt. 110) came for hearing before this Court on May 23, 2024. The Court hereby determines, orders, and adjudges as follows:

1. The settlement agreements are hereby finally approved.

2. The Court finds that the proposed settlements are "fair, reasonable and adequate" based on the value of the claims in the case, the monetary value of the proposed settlements and the risks that the plaintiff would face in proceeding with litigation. The settlements were arrived at after sufficient investigation and discovery and occurred after a mediation with an experienced mediator. It appears that the settlement negotiations were at arm's-length.

3. The Court finds that the Notice Plan approved has been fully implemented. The Notice Plan complies with F.R.C.P. 23(c)(2)(B). It constituted the best practicable notice; was reasonably calculated, under the circumstances to inform Settlement Class Members of the pendency of this case, and of their right to exclude themselves or object to the settlements and to appear at the Final Approval Hearing; and was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice.

4. The Court finds and determines that the classes, as conditionally certified by the Preliminary Approval Order meets all of the legal requirements for class certification for settlement purposes only under F.R.C.P. 23(a) and 23(b)(3) and it is hereby ordered that the classes are finally certified for settlement purposes.

5. Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this order and the Settlement.

6. The Parties and the Settlement Administrator will comply with all obligations under the settlement agreements.

7. The Court finds that the proposed service award is fair reasonable and adequate and orders an award of $10,000 to be paid to Francisco Figueroa to be paid out of the Settlement Fund.

8. The Court awards to Class Counsel attorney's fees in the amount of $260,205 to be

paid out of the Settlement Fund.

9. Noting that the Ninth Circuit's benchmark for percentage-of-the recovery awards is 25%, the Court finds that a 30% fee award is fair and reasonable based upon the following factors: (1) the results obtained in the case are excellent in comparison to settlements in similar cases; (2) the considerable risk at the outset of the case that Class Counsel would recover nothing; (3) the financial burden taken on by Class Counsel in litigating the case on a contingent basis.

10. The Court awards Class Counsel's litigation expenses in the amount of $25,000 in costs to be paid out of the Settlement Fund. Class Counsel have adequately documented their expenses, which are compensable litigation expenses that were incurred for the benefit of the Classes.

11. The Court awards the Settlement Administrator, Phoenix Settlement Administrators, expenses in the amount of $11,000 to be paid out of the Settlement Fund.

12. The Parties are hereby ordered to comply with the terms of the settlements.

13. The Court finds that, as of the date of this Order, in consideration of the Class Settlement Fund provided for under the settlement agreements, the settlement class members' claims will be released as stated in the settlement agreement with VF Corporation ("VFSA") and as stated in the settlement agreement with Delta Galil ("DGSA").  (VFSA) ¶ 20(a-b); DGSA ¶ 20(a). PAGA Group Members also release their claims pursuant to the settlement agreements. VFSA ¶ 20(d); DGSA ¶ 20(b).

14. Judgment is entered in accordance with the above.  Without affecting the finality of this Judgment, the Court retains jurisdiction over all parties and the Classes as to all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the settlements.

15. The parties are further ordered to submit a Post-Distribution Account Form, due six months from the date of this order. A template of this form is attached below.

//

//

//

//

**IT IS SO ORDERED AND ADJUDGED.**

Dated: July 11, 2024

_____
Hon. Richard Seeborg
Chief United States District Judge

4     Case No. 3:18-cv-07796-RS
ORDER AND JUDGMENT

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

cand.uscourts.gov

## Post-Distribution Accounting Form

For guidance and instruction, please see
https://www.cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/

| | |
|---|---|
| Case Number (YY-xx-#####) | |
| Case Name | |
| Attorney Name | |
| Nature of Action | |
| Attorney Email | |
| Party Represented | |
| This is: | _ An interim post-distribution accounting. Not all settlement funds have been distributed. A final post-distribution accounting. All settlement funds have been distributed. |

| | | | | |
|---|---|---|---|---|
| 1. | Total settlement fund | $ | | |
| 2. | Number of class members | # | | |
| 3. | Number of class members to whom notice was sent and not returned as undeliverable | # | | |
| 4. | Number of claim forms submitted | # | N/A | |
| 5. | Percentage of claim forms submitted  [=Q4/Q3] | % | N/A | |
| 6. | Number of opt-outs | # | | |
| 7. | Percentage of opt-outs  [=Q6/Q3] | % | | |
| 8. | Number of objections | # | | |
| 9. | Percentage of objections  [=Q8/Q3] | % | | |
| 10. | Average recovery per claimant | $ | | |
| 11. | Median recovery per claimant | $ | | |
| 12. | Maximum recovery per claimant | $ | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 13. Minimum recovery per claimant | | | | | $ | | | |
| 14. Methods of notice to class members [1 or more], and percentage of success by method if known. Leave percentage blank if not known. | | | | | | | | |
| | | Mail | | | Email | | | Text |
| | | Advertisement | | | Website | | | Other |
| 15. Methods of payment to class members [1 or more], and percentage of success by method if known. Leave percentage blank if not known. | | | | | | | | |
| | | Direct Deposit | | | Gift Card | | | Paper Check |
| | | Wire | | | Payment App | | | Other |
| 16. Number of checks not cashed | | | | | # | | | |
| 17. Total value of checks not cashed | | | | | $ | | | |
| 18. Amount of settlement funds claimed by class member | | | | | $ | | N/A | |
| 19. Amount of settlement funds distributed to class members | | | | | $ | | | |

| 20. Amounts distributed to each cy pres recipient | | Name | Amount |
|---|---|---|---|
| | 1. | | $ |
| | 2. | | $ |
| | 3. | | $ |
| | 4. | | $ |
| | 5. | | $ |
| | 6. | | $ |
| | 7. | | $ |
| | 8. | | $ |
| | 9. | | $ |
| | 10. | | $ |

| | |
|---|---|
| 21. Administrative costs | $ |
| 22. Attorneys' fees | $ |
| 23. Attorneys' costs excluding expert costs | $ |
| 24. Expert costs | $ |

| | |
|---|---|
| 25. Attorneys' fees in terms of percentage of the settlement fund | % |
| 26. Plaintiffs' counsel's final lodestar total | $ |
| 27. Lodestar multiplier [# x.y] | # x.y |
| 28. Describe any potential fraud issues encountered, the likely causes, and how they were addressed | |
| | |
| 29. Number of class members availing themselves of nonmonetary relief | # |
| 30. Aggregate value redeemed | $ |

Continued on next page.

| |
|---|
| 31. Where injunctive and or other non-monetary relief has been obtained, discuss the benefit conferred on the class. |
| |
| 32. Other notes and issues required to be addressed by judge's standing order. |
| |

End of form.